## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| C. JACKSON HOOVER; MATTHEW S. GREINER; HEATHER GREINER; EDWARD SPRATT; RONALD HEBERT; SANDI DOUGET; SAMUEL AGNEW, on behalf of themselves and all others similarly situated, <br><br>       *Plaintiffs*, <br><br>   *v.* <br><br> STRATEGIC CAPITAL PARTNERS, LLC, *et al*., <br><br>       *Defendants*. | C.A. No. 1:21-cv-01299-SEG |

## DEFENDANT FRAZIER & DEETER, LLC's RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Frazier & Deeter, LLC ("**F&D**") respectfully submits this response to Plaintiffs' Notice of Supplemental Authority[1] concerning *Oconee Landing*.[2] F&D was not involved or alleged to be involved in the Oconee Landing transaction. Nor

---

[1] Dckt. 419.

[2] *Oconee Landing Property, LLC, et al. v. Commissioner of Internal Revenue*, Docket No. 11814-19, T.C. Memo, 2024-25 (Tax Court Feb. 21, 2024).

do Plaintiffs contend otherwise. Plaintiffs nonetheless ask the Court to grant their pending motion to reconsider and pending motion for leave to amend in light of the Tax Court's findings in that case.[3]

*Oconee Landing* has no bearing on the motion to reconsider the dismissal of Plaintiffs' duty-based claims against F&D, which turns on an issue that does not arise in *Oconee Landing*: Whether F&D or any return preparer becomes a K-1 recipient's accountant merely by distributing the K-1 to the recipient.[4]

*Oconee Landing* also does not support Plaintiffs' motion for leave to amend their allegations against F&D. Some of the players that *Oconee Landing* found had reached an agreement on a predetermined valuation range are among the defendants here. Plaintiffs' reliance on this overlap, however, assumes the false premise that the knowledge and bad acts of other defendants can be imputed to F&D through generalized conspiracy allegations. The Court rejected this premise when it dismissed Plaintiffs' fraud-based claims against F&D, and it should do so again in denying Plaintiffs' motion for leave to amend their allegations against F&D. The failure of *Oconee Landing* to support Plaintiffs' motion for leave to amend is, moreover, reinforced by the fact that the return preparer in *Oconee Landing* was *not*

---

[3] Dckt. 419 at 9 ("In light of the foregoing authority [*Oconee Landing*], Plaintiffs request that the Court grant the pending motion for reconsideration and motion for leave to amend").

[4] Dckt. 389-1 at 16-24.

found to be part of any agreement as to valuation.

    1.    *Motion to Reconsider*

The Court dismissed Plaintiffs' malpractice and fiduciary breach claims against F&D because it found that Plaintiffs had failed to plausibly allege the professional-client relationship required to state such claims.[5] In asking the Court to reconsider this finding,[6] Plaintiffs argue that the Court purportedly ignored federal authority that Plaintiffs believe shows that the preparation of a K-1 establishes the requisite professional-client relationship for purposes of pleading malpractice and fiduciary breach claims under Georgia law.[7] *Oconee Landing*, however, does not address this issue. So Plaintiffs' assertion that the Court should grant their motion to reconsider in light of *Oconee Landing* is without support.

---

[5] Dckt. 383 at 21-14 & 233-6.

[6] Plaintiffs also ask the Court to reconsider its dismissal of their negligent misrepresentation claim against F&D on this ground. Dckt. 389-1 at 18. The Court, however, found that Plaintiffs had failed to state a negligent misrepresentation claim against F&D, not because they failed to allege the requisite professional-client relationship, but because they failed to allege that F&D had represented that the appraisal value in the K-1s it prepared was accurate. Dckt. 383 at 226-7.

[7] Dckt. 389-1 at 19-25; *see also* Dckt. 383 at 151-52 (comparing the Appraiser Defendants' alleged conduct in this case with one in which the appraisal value "was merely a dollar value, communicated to the plaintiff by a third party who simply reported what the third party's appraiser had found"; citing *Coote v. Branch Banking & Tr. Co.*, 664 S.E.2d 554, 555-56 (Ga. Ct. App. 2008).

2.      *Motion for Leave to Amend*

*Oconee Landing* does not support Plaintiffs' request for leave to amend their fraud and RICO allegations against F&D because F&D was not involved in the SCE transaction at issue in that case. Granted, some of the players that *Oconee Landing* found had, through "agents and intermediaries," agreed to inflate the appraised value of the subject property are alleged co-conspirators in the Bear Creek Syndicate at issue here. That, however, has no bearing on the viability of the proposed new allegations against F&D. Unlike the parties *Oconee Landing* found had agreed on a predetermined valuation range—Wingart and Van Sant (the appraiser), Strategic Capital Partners (the promoter) and Morris, Manning & Martin (the law firm that prepared an opinion letter)—F&D is not alleged to have been involved in the Bear Creek transaction until it was retained to provide partnership tax preparation services for the previously-structured, previously-funded entity with its previously-appraised charitable contribution. Moreover, the return preparer in the *Oconee Landing* transaction (Bennett Thrasher[8]) was *not* found to have been part of the predetermined valuation agreement. Thus, if anything, *Oconee Landing* supports this Court's dismissal of Plaintiff's fraud-based and conspiracy claims against F&D, and shows that granting leave to amend the allegations against F&D, the return preparer for the Bear Creek transaction, would be futile.

More importantly, Plaintiffs' assertion that *Oconee Landing* bolsters their

motion for leave to amend rests on the same improper defendant-lumping tactics that led to the dismissal of their fraud-based claims against F&D. The Court dismissed those claims[9] because it found that Plaintiffs' only non-conclusory allegations against F&D—*i.e.*, that it prepared the tax return for the Bear Creek Syndicate and the K-1s for the Bear Creek investors[10]—failed to plausibly suggest that F&D *knew* that the Bear Creek appraisal had been inflated.[11] In so finding, the Court rejected Plaintiffs' attempt to proceed against F&D with fraud-based claims supported only by generalized allegations that F&D conspired with other defendants in the alleged Bear Creek scheme (*e.g.*, the Strategic and MMM Defendants) against whom the Court found Plaintiffs *had* adequately pled fraud.[12]

In their Notice of Supplemental Authority, Plaintiffs rehash this strategy by pointing to the conduct of *other defendants* that Plaintiffs seek to tie to F&D only by means of conclusory allegations of conspiracy. This strategy is even weaker than the

---

[8] Dckt. 419 at 7, n.4.
[9] *I.e.*, Plaintiffs' federal and Georgia RICO claims; their claims for conspiracy to violate federal and Georgia RICO acts; and their claims for fraud and civil conspiracy.
[10] Dckt. 109, ¶¶ 306-8.
[11] Dckt. 383 at 142-5, 199, 203 & 205-6.
[12] *See, e.g.*, Dckt. 383 at 117 ("Plaintiffs' RICO claims are well and plausibly pled against some defendants. But, in many other cases, the schematic allegations cast a wider net than the well-pled factual allegations can support."); *id*. at 143 ("The best Plaintiffs can do is fall back on conclusory allegations about the role of these Return Preparers in the larger alleged scheme.").

one the Court rejected in dismissing the fraud-based claims against F&D, since the conduct in *Oconee Landing* that Plaintiffs ask the Court to consider concerns an SCE transaction in which F&D did not participate, which is unrelated to Bear Creek.

Plaintiffs employ the same faulty logic in their motion for leave to amend, asking the Court to look at F&D's alleged role in *other SCE transactions*, not before this Court, in an effort to compensate for the lack of factual allegations concerning F&D's role in the Bear Creek transaction. As F&D has argued, the proposed new allegations are futile because they fail to suggest that F&D *actively worked to inflate the appraisal* in the Bear Creek transaction.[13] Rather, the new allegations suggest only that F&D had "referred" clients "to participate in [other] SCE Strategy transactions," and had "told clients that F&D partners were participating in these

---

[13] The Court permitted Plaintiffs to go forward with their fraud-based claims against Bennett Thrasher, another Return Preparer, on the ground that, unlike F&D, Bennett Thrasher was alleged to have "*actively worked to inflate appraisal values* in another set of SCE transactions." Dckt. 383 at 146 (emphasis added). Based on this allegation, the Court reasoned that "it is at least plausible that [Bennett Thrasher] would have known, or recognized, similar, improperly inflated appraisal values in the SCE Strategy transactions in this case." *Id.*; *see also Lechter v. Aprio, LLP,* 565 F. Supp. 3d 1279, 1323-24 (N.D. Ga. Sept. 30, 2021) (Plaintiffs adequately alleged fraud-based claims against accounting firm defendants who allegedly "were the key organizers of the SCE Strategy . . . involved in nearly all steps of the transactions at issue" and who allegedly had "'hand-picked' the Appraisers for each of the transactions.")

transactions alongside the clients";[14] had "recommended specific investment amounts";[15] and had prepared the tax return for one such transaction (Battelle Glover) where the IRS—in February 2019, long *after* F&D prepared the 2016 Bear Creek tax return—imposed penalties.[16] The conduct at issue in *Oconee Landing* bears no resemblance to Plaintiffs' proposed new allegations against F&D, which has never been alleged, much less found, to have been involved with inflating appraisal values in any of these other SCE transactions.

*     *     *

Plaintiffs' assertion that *Oconee Landing* bolsters their efforts to draw F&D back into the case is just one more improper attempt to leverage findings or

---

[14] Dckt. 390-2, ¶ 106. Notably, the proposed allegations do not suggest how F&D client referrals and partner investments support an inference of fraudulent knowledge or intent rather than the opposite.

[15] Dckt. 390-2, ¶ 107. This seems a perfectly sensible recommendation—if not professionally required—for an accounting firm given that charitable deductions are limited to a percentage of the taxpayer's AGI. *See* 26 U.S.C. § 170(b).

[16] *Battelle Glover Investments, LLC, et al., v. Comm'r*, Tax Court Docket No. 6904-19 at 1 (June 4, 2021) (IRS issued Battelle Glover FPAA on February 7, 2019); *see also* Dckt. 390-2, ¶¶ 106-8. Plaintiffs also propose adding allegations about accounting standards and rules that purportedly govern the preparation of partnership tax returns, *id.*, ¶¶ 111-15, which they embellish with their own conclusions about additional duties these standards supposedly impose, *see, e.g.*, Dckt 390-2 ¶ 115 (asserting that the Return Preparer Defendants were obliged to hire "their own independent appraiser" before sending K-1s to investors). Our review finds no such obligation set forth in the standards Plaintiffs cite. Plaintiffs fail, moreover, to explain how even their own conclusory and unsupported "duty" allegations support a plausible inference of fraudulent knowledge or intent.

allegations of wrongdoing against *other defendants* into a claim against F&D. The Court already rejected this strategy in granting F&D's motion to dismiss. It should do so again in denying Plaintiffs' pending motions.

**Dated:** March 28, 2024        Respectfully submitted,

       **STITES & HARBISON PLLC**

       */s/ John deMoulpied*

       JOHANNES S. KINGMA
       Georgia Bar No. 421650
       JOHN C. deMOULPIED
       Georgia Bar No. 812259

       *Counsel for Frazier & Deeter, LLC*

303 Peachtree Street, N.E.
Suite 2800
Atlanta, Georgia 30308
Phone: (404) 739-8800
Fax: (404) 739-8870
jdemoulpied@stites.com
jkingma@stites.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing complies with the font and point selection approved by this Court in Local Rule 5.1(B). This paper was prepared on a computer using Times New Roman fourteen-point font, double-spaced.

**<u>Dated</u>:** March 28, 2024                    Respectfully submitted,

**STITES & HARBISON PLLC**

*/s/ John deMoulpied*

JOHANNES S. KINGMA
Georgia Bar No. 421650
JOHN C. deMOULPIED
Georgia Bar No. 812259

*Counsel for Frazier & Deeter, LLC*

303 Peachtree Street, N.E.
Suite 2800
Atlanta, Georgia 30308
Phone: (404) 739-8800
Fax: (404) 739-8870
jdemoulpied@stites.com
jkingma@stites.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 28, 2024, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

<u>**Dated**</u>:  March 28, 2024

Respectfully submitted,

**STITES & HARBISON PLLC**

*/s/ John C. deMoulpied*
JOHANNES S. KINGMA
Georgia Bar No. 421650
JOHN C. deMOULPIED
Georgia Bar No. 812259

*Counsel for Frazier & Deeter, LLC*

303 Peachtree Street, N.E.
Suite 2800
Atlanta, Georgia 30308
Phone: (404) 739-8800
Fax: (404) 739-8870
jdemoulpied@stites.com
jkingma@stites.com