**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| C. JACKSON HOOVER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO.: 1:21-cv-01299-SEG |
| ) | |
| STRATEGIC CAPITAL PARTNERS, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THE PRIVATE CLIENT LAW GROUP, AARON KOWAN,
AND SEAN HONEYWILL'S RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY [DOC. 419]**

COME NOW The Private Client Law Group, Aaron Kowan, and Sean Honeywill (collectively the "PCLG Defendants") and file their Response to Plaintiffs' Notice of Supplemental Authority—Oconee Landing Tax Court Case, showing the Court as follows:

Plaintiffs' Notice is the latest effort to sweep all Defendants together and make unsupported allegations against the PCLG Defendants based on the alleged conduct of others. The Tax Court opinion in *Oconee Landing* is squarely focused on the alleged conduct of the landowner, Strategic Defendants and appraisers. PCLG is mentioned in only three paragraphs in the 78-page opinion describing ordinary

course legal review work.  And despite these passing references, Plaintiffs contend the Tax Court opinion illustrates the PCLG Defendants were "willing partners in the scheme" and "knew the appraisals were inflated."  [Doc. 419, 7.]  Plaintiffs clearly ignore what the Tax Court opinion says.

On page 29 of the opinion, the Tax Court points out that PCLG made various critical and substantive comments as part of its limited due diligence review.  The Tax Court highlights that at least one such comment was ignored by the appraisers in their preparation of the final appraisal in 2016 (i.e., the year after the due diligence report).  The implication is clear: the Tax Court understood PCLG's due diligence review provided valuable commentary that should have been heeded.

In contrast to Plaintiffs' characterization in this case, the Tax Court did not find the PCLG Defendants added a 'veneer of legitimacy' to a fraudulent transaction. The Tax Court likewise did not believe the contentions that the PCLG due diligence report made numerous misrepresentations and merely a rubber stamp of the collective conspiracy.  At no point in the Opinion does the Tax Court even suggest that PCLG knew, agreed, or had any involvement whatsoever in the allegedly deceptive conduct between the landowner, Strategic Defendants and the appraisers.[1]

---

[1] *See, e.g.*, Tax Opinion at 46 ("There is no evidence that any lawyer or accountant opined that the Parent Tract was actually worth $60 million.); Tax Opinion at 45 (stating "there was a meeting of the minds between the [landowner] and the

Given the substance of the Tax Court opinion to the extent it relates to PCLG, albeit very briefly, the Court should reject Plaintiffs' claim that it supports the reimposition of various causes of action in this case. The Tax Court opinion does just the opposite. The Tax Court opinion is further evidence of what the PCLG Defendants have been arguing since the outset: after stripping away the baseless and conclusory allegations, focusing on what the PCLG Defendants did in the transaction, and actually reading what the due diligence report says, there is zero basis for liability.

Respectfully submitted this 2nd day of April, 2024.

**HAWKINS PARNELL & YOUNG LLP**

303 Peachtree Street, Suite 4000
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (855) 889-4588
*cmast@hpylaw.com*
*jwieseman@hpylaw.com*

*/s/ Joseph H. Wieseman*
Christine L. Mast
Georgia Bar No. 461349
Joseph H. Wieseman
Georgia Bar No. 558182

*Counsel for Defendants*
*The Private Client Law Group,*
*Aaron Kowan, and Sean Honeywill*

---

appraisers – i.e., a 'secret agreement'…" regarding the value, which clearly did not include PCLG).

## **RULE 7.1.D. CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.

Respectfully submitted this 2nd day of April, 2024.

        **HAWKINS PARNELL & YOUNG LLP**

        */s/Joseph H. Wieseman*
        Christine L. Mast
        Georgia Bar No. 461349
        cmast@hpylaw.com
        Joseph H. Wieseman
        Georgia Bar No. 558182
        jwieseman@hpylaw.com

        *Counsel for Defendants*
        *The Private Client Law Group,*
        *Aaron Kowan, and Sean Honeywill*

# CERTIFICATE OF SERVICE

This is to certify that the foregoing **THE PRIVATE CLIENT LAW GROUP, AARON KOWAN, AND SEAN HONEYWILL'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY [DOC. 419]** was filed with the Clerk of Court via the Court's CM/ECF electronic filing system which will send e-mail notification of and a link to such filing to all counsel of record.

Dated this 2nd day of April, 2024.

                          **HAWKINS PARNELL & YOUNG LLP**

                          */s/ Joseph H. Wieseman*

303 Peachtree Street, Suite 4000    Christine L. Mast
Atlanta, GA 30308-3243             Georgia Bar No. 461349
Telephone: (404) 614-7400        Joseph H. Wieseman
Facsimile: (855) 889-4588         Georgia Bar No. 558182
*cmast@hpylaw.com*
*jwieseman@hpylaw.com*           *Counsel for Defendants*
                                        *The Private Client Law Group,*
                                        *Aaron Kowan, and Sean Honeywill*