UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

C. JACKON HOOVER, et al., on
behalf of themselves and others
similarly situated,

        Plaintiffs,

      v.

STRATEGIC CAPITAL
PARTNERS, LLC, et al.,

        Defendants.

CIVIL ACTION NO.

1:21-CV-1299-SEG

## O R D E R

This matter is before the Court on motions to dismiss the second amended complaint ("SAC") filed by Defendants Cherry Bekaert LLP and Frazier & Deeter, LLC. (Doc. 453, 456.) After careful consideration, the Court enters the following order.

## I.    Background

The background of this case is discussed at length in the Court's 251-page order resolving Defendants' motions to dismiss the first amended complaint ("FAC"). (Doc. 383.) Plaintiffs' claims arise from their participation in syndicated conservation easement ("SCE") transactions, which they allege were the basis of an unlawful scheme to defraud them. Plaintiffs sued Frazier & Deeter, LLC ("F&D") and "Cherry Bekaert LLP f/k/a Conexus CPA Group,

LLC" along with about 30 other defendants. (*See* FAC, Doc. 109 ¶¶ 30–62.) Both F&D and Cherry Bekaert were included in a group of "Return Preparer Defendants" along with Bennett Thrasher, LLC and others. (*Id.* ¶ 104.) Plaintiffs alleged that the Return Preparer Defendants prepared tax returns for the LLCs (or "syndicates") that performed the SCE transactions and associated "K-1" annual statements for each syndicate member. (*Id.*) Plaintiffs asserted at least ten different causes of action against the Return Preparer Defendants, including Georgia RICO claims, fraud, and civil conspiracy. (*Id.* at 541–638.) The RICO, fraud, and conspiracy claims were based on alleged acts of mail and wire fraud. (*Id.* ¶¶ 502–04.)

In ruling on Defendants' motions to dismiss the FAC, the Court dismissed Plaintiffs' claims against F&D and Cherry Bekaert. (*See* Doc. 383 at 246–47.) However, the Court permitted some claims to proceed against another Return Preparer Defendant, Bennett Thrasher, including Plaintiffs' claims for substantive violations of Georgia RICO, conspiracy to violate Georgia RICO, fraud, and civil conspiracy. (*Id.* at 249.) The Court found that "[w]hat sets Bennett Thrasher apart from the other Return Preparers are factual allegations that it had been heavily involved in another line of SCE Strategy transactions predicated on [fraudulently] inflated deductions." (*Id.* at 145–46.)

Plaintiffs moved for leave to file a second amended complaint ("SAC"). (Doc. 390.)   With the proposed amendments, Plaintiffs sought to add allegations against F&D and Cherry Bekaert to "move forward with their claim of violation of Georgia RICO (Count III) against F&D and claims of conspiracy to violate Georgia RICO (Count IV), Fraud (Count IX), and Civil Conspiracy (Count XII against both F&D and Conexus)."  (Doc. 390-1 at 2.)  According to Plaintiffs, the new allegations "are substantially similar to the allegations against Defendant Bennett Thrasher," which the Court found sufficient to state claims for violations of Georgia RICO, conspiracy to violate Georgia RICO, fraud, and civil conspiracy.  (*Id.*)  The Court granted Plaintiffs leave to amend[1] (Doc. 445) and entered the SAC as the operative complaint (Doc. 446).  Cherry Bekaert and F&D each filed a motion to dismiss the claims against them in the SAC.  (Doc. 453, 456.)

---

[1] Cherry Bekaert argues that the SAC asserts claims other than those in Counts III, IV, IX, and XII.  (Doc. 453-1 at 2–3.)  To clarify, the order granting Plaintiffs leave to amend provided, "The Court's granting of Plaintiffs' motion to amend does not affect any claims other than those specifically identified in Plaintiffs' motion, namely the Georgia RICO claim (Count III) against F&D, and the conspiracy to violate Georgia RICO (Count IV), common-law fraud (Count IX), and civil conspiracy (Count XII) claims against both F&D and Cherry Bekaert."  (Doc. 445 at 15–16 n.3.)  To the extent that the SAC contains amendments to claims other than those that the Court granted Plaintiffs express leave to amend, those claims are **DISMISSED** because the Court did not grant Plaintiffs leave to amend them.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a case when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When evaluating a Rule 12(b)(6) motion, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," and when the "complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (citing *Twombly*, 550 U.S. at 557).  The complaint thus must contain more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause

4

of action"—it must allege facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III.  Discussion

The amendments in the SAC add a number of allegations against F&D and Cherry Bekaert.  (Doc. 446 ¶¶ 106–115.)  The new allegations discuss F&D's and Cherry Bekaert's involvement with other SCE transactions (*id.* ¶¶ 106–110) and various "accounting standards and rules" that the Return Preparer Defendants allegedly violated or ignored in this case (*id.* ¶¶ 111–15). With these new allegations, Plaintiffs intend to cure the FAC's deficient claims against F&D for violation of Georgia RICO and against F&D and Cherry Bekaert for conspiracy to violate Georgia RICO, fraud, and civil conspiracy.[2]

The allegations in the FAC failed to establish any RICO, conspiracy, or fraud-based claims against F&D or Cherry Bekaert primarily because Plaintiffs failed to allege the requisite knowledge and intent.  The "core issue" with these claims was "that 'there are no allegations that would plausibly suggest that [F&D or Cherry Bekaert] *knew* that these representations'—those contained in the Schedule K-1 and the associated cover letters—'were

---

[2] The relevant legal standards for these claims are set forth in the Court's order on Defendants' motions to dismiss the FAC.  (*See* Doc. 383 at 117–27, 158–60, 174–75, 192–93, 202–03, 205.)

fraudulent.'" (Doc. 383 at 143 (quoting *Turk v. Morris, Manning & Martin, LLP,* 593 F. Supp. 3d 1258, 1306 (N.D. Ga. 2022).) Plaintiffs' allegations suggesting that the underlying property valuations were unreasonable did not sufficiently establish the Return Preparers' knowledge of any fraudulent appraisals. There was nothing "in the FAC to suggest that [F&D or Cherry Bekaert] had experience with land appraisals such that they would have identified a bogus appraisal" or such that the documents F&D and Cherry Bekaert prepared "did more than report numbers that had been generated by other parties." (*Id.* at 144.)

The allegations in the FAC were, however, sufficient to state a claim against another Return Preparer Defendant, Bennett Thrasher. Although the FAC failed to establish the requisite scienter for F&D and Cherry Bekaert, the Court found that "[w]hat sets Bennett Thrasher apart from the other Return Preparers are factual allegations that it had been heavily involved in another line of SCE Strategy transactions predicated on inflated deductions." (*Id.* at 145–46.) Specifically, the FAC contained allegations that

> Bennett Thrasher had previously and aggressively referred many of its existing clients to participate in SCE Strategy transactions with a different sponsor than Strategic by misusing the clients' confidential financial information to identify potential targets. For those transactions, Bennett Thrasher emphasized to its clients that it had performed purported due

6

diligence on the SCE Strategy and concluded that the Strategy complied with applicable laws and that the deductions generated were specifically allowed by the Tax Code. *Bennett Thrasher also provided advice and recommendations to the other sponsor about how to structure the transaction and value the underlying mineral assets used to improperly inflate the appraisals.*

(Doc. 109 ¶ 105 (emphasis added).)  The Court further found that "if Bennett Thrasher actively worked to inflate appraisal values in another set of SCE transactions, it is at least plausible that it would have known, or recognized, similar, improperly inflated appraisal values in the SCE Strategy transactions in this case."  (Doc. 383 at 146.)  Plaintiffs' claims against Bennett Thrasher for violation of Georgia RICO, conspiracy to violate Georgia RICO, fraud, and civil conspiracy (among others) survived Defendants' motions to dismiss the FAC.  (*Id.* at 250–51.)

In the SAC, Plaintiffs bring new allegations that F&D and Cherry Bekaert—like Bennett Thrasher—were involved in previous SCE transactions. Plaintiffs now allege that F&D "previously and aggressively referred many of its existing clients to participate in SCE Strategy transactions . . . ."  (Doc. 446 ¶ 106.)   F&D then allegedly reassured its clients when the previous transactions were audited by the IRS.  (*Id.* ¶ 107.)  Plaintiffs describe a specific SCE transaction that was "wildly inflated" and later penalized by the IRS.  (*Id.*

7

¶ 108.)  Cherry Bekaert also allegedly "aggressively promoted" other SCE transactions to its clients.  (*Id.* ¶ 109.)  Plaintiffs allege that a Cherry Bekaert partner told a client that none of the transactions had been audited.  (*Id.*)  A Cherry Bekaert partner allegedly "participated in" an SCE transaction based on an inflated appraisal that drew an IRS penalty.  (*Id.* ¶ 110.)

The central problem with these new allegations is that they still fail to establish that F&D or Cherry Bekaert *knew* about a fraudulent appraisal underlying the returns they prepared.[3]  Neither do the new allegations plausibly show that these Defendants committed a RICO predicate act or knowingly joined a conspiracy which itself contained a plan to commit two or more predicate acts.  Although F&D and Cherry Bekaert allegedly prepared returns for previous similar SCE transactions, Plaintiffs' allegations do not explain how F&D or Cherry Bekaert had any basis to know about previous fraudulent appraisals before they prepared returns in this case.  Bennett Thrahser, by contrast, allegedly "provided advice and recommendations . . . about how to structure the transaction and value" certain property to support fraudulent appraisals.  (*Id.* ¶ 105.)  The SAC describes no such activity by F&D and Cherry Bekaert.  Their alleged "participation" in the SCE transactions

---

[3] This is so, even though knowledge of the fraudulent appraisals may be alleged generally under Rule 9(b) of the Federal Rules of Civil Procedure.

does not include taking steps to inflate property values.  None of the IRS enforcement actions related to the previous transactions in which F&D and Cherry Bekaert were involved are alleged to have occurred before the tax returns were prepared in this case.  At best, the additional details about other transactions support the notion that F&D and Cherry Bekaert solicited their clients to participate in SCE transactions and then overlooked unreasonably large increases in the underlying property values when preparing returns.  But there are no allegations in the SAC that the returns "did more than report numbers that had been generated by other parties."  (Doc. 383 at 144.)

The SAC's further allegations about accounting standards and rules fail to establish a claim under any of the asserted causes of actions for a few reasons.  First, this portion of the SAC engages in inappropriate group pleading.  Plaintiffs summarize certain tax regulations and industry standards then allege that "the Return Preparer Defendants" failed to comply.  (Doc. 446 ¶¶ 111–15.)  These allegations do not distinguish between F&D, Cherry Bekaert, Bennett Thrasher, or the other Return Preparer Defendants.  Second, these allegations sound in conclusions.  For example, Plaintiffs allege that the Return Preparer Defendants violated certain standards and rules because "they either knew the appraisals were inflated or failed to do any diligence into the appraisals" (*id.* ¶ 112) and because they "did not have a good-faith belief in

the positions taken on the partnership tax returns and K-1s that they prepared and signed" (*id.* ¶ 113).  However, as explained above, Plaintiffs fail to even generally allege facts to support the conclusion that F&D or Cherry Bekaert knew the appraisals were fraudulently inflated.

Finally, even if Plaintiffs pleaded a breach of certain accounting standards or rules, a failure to follow such guidelines does not establish knowledge of an underlying fraud, commission of a predicate act, or intent to join a conspiracy.  As the Court previously explained, "To plead participation in the fraudulent scheme, Plaintiffs must plead facts giving rise to a plausible inference of something more than a negligent failure to discover the underlying fraud." (Doc. 383 at 144 (citing *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010), and *Allen v. Jones*, 604 S.E.2d 644, 647 (Ga. Ct. App. 2004)).)  It is not enough to allege that the syndicates' claims for deductions "should have triggered a duty of inquiry into the appraisal" under certain accounting standards.  (Doc. 446 ¶ 114.)  *See, e.g.*, *In re AFC Enters., Inc. Sec. Litig.*, 348 F. Supp. 2d 1363, 1372 (N.D. Ga. 2004) (finding that, in the context of claims for securities fraud, mere violations of generally accepted accounting principles "are insufficient to create an inference of fraud" (collecting cases)).

Plaintiffs dedicate much of their response briefing to arguing that similar claims against F&D survived motions to dismiss in state court.

Counsel for Plaintiffs filed two other lawsuits against F&D in the Superior Court of Fulton County, *Shannon v. Frazier & Deeter, LLC*, 23CV390384, and *Adleman v. Fraizer & Deeter, LLC,* 24CV011275. These lawsuits arise from other SCE transactions that F&D allegedly promoted to its clients. Additionally, Plaintiffs argue that it is not necessary for them to allege active involvement in the appraisals—as alleged with Bennett Thrasher—to establish knowledge of the inflated appraisals.

The rulings against F&D in the Superior Court of Fulton County do not control the issues here. Those cases involve different plaintiffs and different SCE transactions than the case before this Court. Even if similar claims against F&D survived a motion to dismiss in state court, "[t]he pleading standard in Georgia is lower than the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Ullah v. BAC Home Loans Servicing LP*, 538 F. App'x 844, 846 (11th Cir. 2013); *see also* O.C.G.A. § 9-11-8(e).

Further, in similar cases in this district, other return preparers who were alleged to have been similarly involved in fraudulent SCE transactions have been dismissed for failure to plead scienter. In *Turk*, the plaintiffs alleged that an individual return preparer was a "key member" of a team that marketed the fraudulent transactions, and that he even served as a director of

11

a land trust that conspired to commit fraudulent transactions. *Turk*, 593 F. Supp. 3d at 1306.    But, as Judge Totenberg explained, "Even if these allegations could establish that [the return preparer] was heavily involved in the transactions at issue, they do not establish that he committed any predicate acts of mail or wire fraud in the course of his involvement." *Id.*  In another case, *McHugh v. Sykes*, No. 1:22-cv-1685, Dkt. No. 250 (N.D. Ga. Aug. 3, 2026), the undersigned found that the plaintiffs failed to allege acts of fraud or conspiracy against a return preparer although she prepared returns for SCE syndicates involved in inflating appraisals, was married to a defendant involved in the conspiracy, and was longtime friends with other culpable defendants.  *Id.* at 103–04, 152.  The Court noted, "The fact that [the return preparer] had general business and personal relationships with those involved in the conspiracy does not necessarily make her liable." *Id.* at 152.

The Court follows *Turk* and *McHugh* in this case.  The alleged frequency of F&D's and Cherry Bekaert's involvement in other SCE transactions does not establish that they knew about fraud, committed any predicate acts, or willingly joined a RICO conspiracy in this case.  The Court is not adopting a "bright-line rule" that return preparers must actively work to inflate the appraisals to have knowledge of the underlying fraud, as Plaintiffs suggest. (Doc. 462 at 15.)  Instead, the Court requires "more than a sheer possibility

12

that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While Plaintiffs have alleged a possibility that F&D and Cherry Bekaert knew about a fraudulent appraisal, Plaintiffs have not alleged any plausible basis for such knowledge. Accordingly, Plaintiffs' claims against F&D and Cherry Bekaert for violations of Georgia RICO, conspiracy to violate Georgia RICO, fraud, and civil conspiracy are due for dismissal.[4]

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** the motions to dismiss the second amended complaint filed by Defendants Cherry Bekaert LLP and Frazier & Deeter, LLC. (Doc. 453, 456.) Plaintiffs' claims against Defendants Cherry Bekaert LLP and Frazier & Deeter, LLC are **DISMISSED**. The remaining parties in this case are **DIRECTED** to file their joint preliminary report and discovery plan **within 30 days of the date of this order**.

**SO ORDERED** this 11th day of August, 2026.

SARAH E. GERAGHTY
United States District Judge

---

[4] Because Plaintiffs' amended allegations against Cherry Bekaert fail to state a claim, the Court does not address Cherry Bekaert's argument that it is not a proper defendant. (Doc. 453-1 at 4–10.)